**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

J.S. ????

**2012 DEC 17  PM 12: 51**

S.D. OF ?????

|  |  |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | ) ) ) ) |
|  | ) |
| Plaintiff-Applicant, | ) ) |
| v. | ) ) |
|  | ) |
| HUDSON VALLEY CAPITAL MANAGEMENT, | ) |
|  | ) |
| Defendant. | ) ) |

Civil Action No.

**12 CV 9147**

JUDGE RAMOS

## COMPLAINT AND APPLICATION OF
## THE SECURITIES INVESTOR PROTECTION CORPORATION

Plaintiff-Applicant Securities Investor Protection Corporation ("SIPC") applies to this Court for a decree adjudicating that the customers of the Defendant Hudson Valley Capital Management, are in need of the protections afforded under the Securities Investor Protection Act of 1970, as amended, 15 U.S.C. §78aaa *et seq.* ("SIPA"),[1] and respectfully alleges the following:

1.      SIPC is a nonprofit membership corporation created under SIPA.

2.      The Defendant is a broker-dealer registered with the United States Securities and Exchange Commission ("Commission"), a member of the Financial Industry Regulatory Authority ("FINRA"), and a member of SIPC.

3.      The Defendant has its principal office and place of business at 2039 Albany Post Road, Suite 200, Croton-on-Hudson, New York.

4.      This proceeding arises under SIPA, more particularly §§ 78eee(a)(3) and 78eee(b)(2), which confers jurisdiction over this proceeding and exclusive jurisdiction over the

---

[1] References hereinafter to provisions of SIPA shall omit "15 U.S.C."

Defendant and its property on this Court, and upon issuance of a protective decree and appointment of a trustee, removal of the entire liquidation proceeding to the court of the United States in the same judicial district having jurisdiction over cases under the Bankruptcy Code, *i.e.* the United States Bankruptcy Court for the Southern District of New York.

5.      Upon sufficient information, including information supplied by FINRA, SIPC has determined that the Defendant has failed or is in danger of failing to meet its obligations to its customers within the meaning of SIPA § 78eee(a)(3), and that there exists one or more of the conditions specified in SIPA § 78eee(b)(1). Specifically, the Defendant is: (1) unable to meet its meet its obligations to its customers as they mature; and (2) not in compliance with the requirements under sections 15(c) and 17(a) of the Securities Exchange Act of 1934, 15 U.S.C. §§ 78o(c)(3) and 78q(a), and Rules of the Commission with respect to financial and record keeping responsibilities, namely, Commission Rules 15c3-1 and 17a-3, 17 C.F.R. § 240.15c3-1 and § 240.17a-3.

6.      Because of the above, the customers of the Defendant are in need of the protection provided by SIPA, and this Court should issue a protective decree pursuant to SIPA §78eee(b)(1).

7.      SIPA §78eee(b)(3) provides that upon issuance of a protective decree, the court shall forthwith appoint as trustee for the liquidation of the business of the debtor and as counsel for the trustee, such persons as SIPC, in its sole discretion, specifies. Section 78eee(b)(3) further provides that SIPC may designate itself as trustee where unsecured general creditor and subordinated lender liability to the debtor appears to aggregate less than $750,000 and the debtor appears to have fewer than 500 customers. The aforementioned conditions are present in this

case.   Accordingly, pursuant to SIPA § 78eee(b)(3), SIPC respectfully designates itself as trustee, and the law firm of Hahn & Hessen LLP, 488 Madison Avenue, New York, NY 10022, as counsel to the trustee, and requests that the Court make appointments to these positions in accordance with these designations.

8.   The filing of this Complaint and Application operates, pursuant to 11 U.S.C. ("Bankruptcy Code") §362(a), as an automatic stay with respect to actions enumerated in that section. Notice of the applicability of the automatic stay should be part of the Order for relief.

9.   SIPA §78eee(b)(2)(B)(i) provides that the Court "shall stay any pending bankruptcy, mortgage foreclosure, equity receivership, or other proceeding to reorganize, conserve, or liquidate the debtor or its property and any other suit against any receiver, conservator, or trustee of the debtor or its property. . . ." Such actions are also stayed by operation of Bankruptcy Code §362(a).

10.   Pursuant to SIPA §78eee(b)(2)(B)(ii), the Court is empowered to stay "any proceeding to enforce a lien against property of the debtor or any other suit against the debtor." SIPA §78eee(b)(2)(B)(iii) provides that the Court may stay "enforcement of . . . but shall not abrogate any right of setoff, except to the extent such right may be affected under section 553 of title 11, and shall not abrogate the right to enforce a valid, nonpreferential lien or pledge against the property of the debtor." SIPA §78eee(b)(2)(C)(ii) provides that notwithstanding section 78eee(b)(2)(C)(i), the application by SIPC or any order or decree thereon "may operate as a stay of the foreclosure on, or disposition of, securities collateral pledged by the debtor, whether or not with respect to one or more of such contracts or agreements, securities sold by the debtor under a repurchase agreement, or securities lent under a securities lending agreement."

11.     The relief requested should be granted in order to safeguard and protect any property of the Defendant for the benefit of its customers and other creditors, and in the interest of an orderly liquidation of the Defendant's business.

12.     Pursuant to SIPA §78eee(b)(4), upon issuance of a protective decree, the Court shall order the removal of the entire liquidation proceeding to the court of the United States in this judicial district having jurisdiction over cases under the Bankruptcy Code, *i.e.*, the United States Bankruptcy Court for the Southern District of New York.

13.     SIPC has made no previous application to any Court for the relief requested.

**WHEREFORE**, SIPC respectfully requests entry of an order substantially in the form of Exhibit A attached hereto.

DATED:  Washington, D.C.
        December 17, 2012

                                        Respectfully submitted,

                                        SECURITIES INVESTOR PROTECTION
                                         CORPORATION
                                        805 Fifteenth Street, N.W., Suite 800
                                        Washington, DC 20005
                                        Telephone: (202) 371-8300
                                        Facsimile: (202) 371-6728


                                        JOSEPHINE WANG
                                        General Counsel
                                        E-mail: jwang@sipc.org


                                        LAUREN T. ATTARD
                                        Assistant General Counsel
                                        E-mail: lattard@sipc.org